UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X    07 CV 6059
HELIA S. VIEIRA,

               Plaintiff,

   -against-                                           **ANSWER TO COMPLAINT**

SIX FLAGS, INC.,
               Defendant.
----------------------------------------X    Hon. John G. Koeltl


       SIX FLAGS, INC., through its attorneys Clark, Gagliardi & Miller, P.C., Answers to the Complaint as follows:


<u>AS TO THE PARTIES</u>

       1.  Denies knowledge or information sufficient to form a belief as to the allegations set forth in the paragraph designated "1" of the Complaint.

       2.  Denies each and every allegation set forth in the paragraph designed "2" except admits that Six Flags, Inc. is a foreign corporation with a corporate office in New York City.

       3.  Admits the allegations in paragraph designated "3" of the Complaint.


<u>AS TO JURISDICTION</u>

       4.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "4" of the Complaint and respectfully refers all questions of law to the Court.

## IN PERSONAM JURISDICTION AND VENUE

5. As its response to paragraph designated "5" of the Complaint, Defendant repeats and realleges its answers to paragraphs "1" through "4" of the Complaint, as if fully set forth herein.

6. Denies each and every allegation contained in paragraph designated "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "7" of the Complaint and respectfully refers all questions of law to the Court.

## AS TO FIRST CLAIM

8. As its response to paragraph designated "8" of the Complaint, Defendant repeats and realleges its answers to paragraphs "1" through "7" of the Complaint, as if fully set forth herein.

9. Denies each and every allegation contained in paragraphs designated "9", "10", "11", "12", "13", "14", "21", "22", "24", "25" and "26" of the Complaint.

10. Admits each and every allegation contained in paragraphs designated "15", "16" and "17" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "18" and "23" of the Complaint and respectfully refers all questions of law to the Court.

12. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph designated "19" and "20" of the Complaint.

### AS AND FOR A FIRST SEPARATE AFFIRMATIVE AND COMPLETE DEFENSE; THE DEFENDANT SIX FLAGS, INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

13. That Six Flags, Inc. does not own or operate the "Park" and therefore owes no duty of care to plaintiff regarding the use or operation of the "Park."

### AS AND FOR A SECOND SEPARATE AFFIRMATIVE AND COMPLETE DEFENSE; THE DEFENDANT SIX FLAGS, INC. ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

14. All risks and dangers associated with the ride were known to and assumed by plaintiff and were open, obvious, and apparent.

### AS AND FOR A THIRD SEPARATE AFFIRMATIVE AND COMPLETE DEFENSE; THE DEFENDANT SIX FLAGS, INC ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

15. The injuries and damages alleged to have been sustained by the plaintiff were caused, in whole or in part, by the conduct of the plaintiff. Plaintiff's claims therefore are barred or diminished in the proportion that such culpable conduct of the plaintiff bears to the total culpable conduct causing the damages.

**AS AND FOR A FOURTH SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT
SIX FLAGS, INC.,
<u>ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:</u>**

16. Notwithstanding that this answering defendant has denied liability herein, in the event that liability is found, and the liability of defendant shall be fifty percent or less of the total liability assigned to all persons liable, pursuant to New York CPLR §1601 et. seq., the liability of this answering defendant for non-economic loss shall not exceed this pleading party's equitable shares determined in accordance with the relative culpability of each person causing or contributing to the total liability of non-economic loss.

**AS AND FOR A FIFTH SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT
SIX FLAGS, INC.
<u>ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:</u>**

17. That upon information and belief, the injuries and damages allegedly sustained by plaintiff were the result of superseding and/or intervening acts of negligence by persons over whom this answering defendant had no control.

**AS AND FOR A SIXTH SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT
SIX FLAGS, INC.,
<u>ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:</u>**

18. Plaintiff failed to mitigate, obviate, diminish or otherwise act to lessen or reduce the injuries, damages, and disabilities alleged in the Complaint.

AS AND FOR AN SEVENTH SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT
SIX FLAGS, INC.
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

19. If the plaintiff was caused to sustain damages at the time and place set forth in the plaintiff's Verified Complaint, it was due to the culpable conduct of person or persons presently unknown.

AS AND FOR AN EIGHTH SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT
SIX FLAGS, INC.
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

20. This answering defendant had no actual or constructive notice of any alleged defective condition.

AS AND FOR A NINTH SEPARATE AFFIRMATIVE
AND COMPLETE DEFENSE; THE DEFENDANT
SIX FLAGS, INC.
ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

21. In the event the plaintiff recovers a verdict or judgment against this answering defendant, then said verdict or judgment must be reduced pursuant to New York Civil Practice Laws and Rules §4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed loss from any collateral source.

WHEREFORE, defendant Six Flags, Inc. demands judgment dismissing the Complaint of the plaintiff herein, together with the costs and disbursements of this action.

Dated: White Plains, New York
       July 17, 2007

Yours, etc.,

CLARK, GAGLIARDI & MILLER, P.C.

By _____
John S. Rand (3369)
Attorneys for Defendant
SIX FLAGS, INC.
99 Court Street
White Plains, New York 10601
(914) 946-8900

TO:

CHERIFF & FINK, P.C.
Attorneys for Plaintiff
2 Rector Street
Ste. 2104
New York, New York 10006